## No. C-992

**Mark L. Levine, a/k/a Mark Lee Levine, and Ellen S. Levine, formerly known as Ellen Sachter, on behalf of themselves and all others similarly situated v. Empire Savings and Loan Association, James B. Nutter & Company, Midland Savings and Loan Association, Mile High Savings and Loan Association and Western Federal Savings and Loan Association**

(557 P.2d 386)

Decided December 6, 1976.

Lawrence A. Wright, Ronald S. Pred, Criswell, Patterson & Ballantine, John A. Criswell, for petitioners.

Calkins, Kramer, Grimshaw & Harring, P.C., Law, Nagel and Clark, Fairfield & Woods, Balaban & Lutz, Mosley, Wells, Spence & Dean, James H. Mosley, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Petitioners (Levine, et al.) seek review of a court of appeals opinion dismissing their appeal from the trial court's order dismissing their class action. We reverse the court of appeals.

Petitioners, on behalf of themselves and others similarly situated, filed a class action pursuant to C.R.C.P. 23. Upon the motion of respondents, defendants below, the trial court dismissed the class action allegations of the complaint. Petitioners filed their notice of appeal, and afterwards obtained an order for the entry of a final judgment pursuant to C.R.C.P. 54(b) *nunc pro tunc* to the date of the dismissal.

The court of appeals dismissed petitioners' appeal on the grounds that (1) the trial court had no jurisdiction to enter the 54(b) order after petitioners' notice of appeal had been filed; and (2) since the 54(b) order did not finally determine the rights of the members of the class, and specifically authorized them to proceed with their individual claims, the order could not be considered a final judgment for purposes of appeal. *Levine v. Empire Savings and Loan Association*, 34 Colo.App. 235, 527 P.2d 910 (1974). We granted certiorari to review that decision.

As a result of our first grant of certiorari, we remanded the cause to the court of appeals with directions to remand to the trial court "for further proceedings including opportunity to apply for a new 54(b) order." We further ordered that if the trial court entered the 54(b) order, "the appellate process would apply as in other cases." *Levine v. Empire Savings and Loan Association*, 189 Colo. 64, 536 P.2d 1134 (1975).

Upon remand the trial court entered a new order pursuant to C.R.C.P. 54(b), and petitioners filed a second notice of appeal. Respondents' motion to dismiss the appeal was again granted by the court of appeals, holding that "dismissal of the class action aspects of the case did not finally determine the rights or claims of any particular party" and therefore the order was not appealable. *Levine v. Empire Savings and Loan Association*, 37 Colo. App. 509, 552 P.2d 34 (1976).

We again granted certiorari and now reverse the judgment of the court of appeals.

In determining whether a particular order constitutes a final judgment for purposes of appeal, attention should be given to the legal effect of the order rather than the form. *Daar v. Yellow Cab Co.*, 67 Cal. 2d 695, 433 P.2d 732, 63 Cal.Rptr. 724 (1967). Since the order determined the legal insufficiency of the complaint as a class action, in its legal effect, it "is tantamount to a dismissal as to all members of the class other

than [petitioners]." *Id. See Johnson v. Traveler's Insurance Co.*, 89 Nev. 467, 515 P.2d 68 (1973). We quote with approval the rule long adhered to by the Supreme Court of California:

"[A]n order of dismissal is to be treated as a judgment for the purposes of taking an appeal when it finally disposes of the particular action and prevents further proceedings as effectively as would any formal judgment." *Herrscher v. Herrscher*, 41 Cal.2d 300, 259 P.2d 901 (1953).

If the propriety of the trial court's ruling to dismiss the case at bar is not reviewed on appeal, review will have been effectively foreclosed. *See Mar-Lee Corporation v. Steele*, 145 Colo. 447, 359 P.2d 364 (1961).

Accordingly, we reverse the court of appeals' judgment dismissing petitioners' appeal, and remand to the court of appeals with directions to reinstate and dispose of the appeal on its merits.

MR. JUSTICE GROVES does not participate.