THINGS REMEMBERED, INC., as successor-in-interest by merger to Cole National Corporation, Plaintiff–Appellant,

v.

FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY; IDBI Managers, Inc.; LaSalle National Bank; and Anthony A. Petrarca, Defendants–Appellees.

No. 95CA1516.

Colorado Court of Appeals,
Div. A.

Jan. 25, 1996.

Rehearing Denied Feb. 22, 1996.

Certiorari Denied Oct. 15, 1996.

**1090**

Boyle Partnership, P.C., Terence P. Boyle, Denver, for Plaintiff–Appellant.

Coghill & Goodspeed, P.C., John P. Baker, Elizabeth J. Ruffing, Denver, Amer Cunningham Brennan Co., L.P.A., John C. Weisensell, Akron, Ohio, for Defendants–Appellees.

Opinion by Judge RULAND.

Plaintiff, Things Remembered, Inc., appeals from an order staying further proceedings on its complaint for a declaratory judgment. This court issued an order to show cause why the appeal should not be dismissed for lack of a final appealable order. Simultaneously, defendants, Fireman's Insurance Company of Newark, New Jersey (Fireman's), IDBI Managers, Inc. (IDBI), LaSalle National Bank, and Anthony A. Petrarca, filed a motion to dismiss this appeal on the same basis.

Upon consideration of the parties' submissions, we now dismiss the appeal without prejudice.

The limited record before us consists of plaintiff's complaint and copies of certain orders entered by the trial court, an Ohio state court, and the United States Supreme Court. According to the complaint, Petrarca owned certain commercial real estate in Jefferson County and entered into a lease with Child's World, Inc., for a building to be constructed on the premises. Certain obligations of Child's World, Inc. under that lease were guaranteed for Petrarca by plaintiff's predecessor.

The complaint alleges that loans were then obtained by Petrarca to construct improvements on the property pursuant to insured industrial development bonds issued by Jefferson County. The other defendants were involved in the loan transaction and may claim an interest in the guarantee.

The complaint also refers to a proceeding filed in the Ohio state court in which both plaintiff and Petrarca were parties, but the other defendants here were not. That proceeding apparently involved similar guarantees issued by plaintiff's predecessor in connection with leases executed by Child's World on facilities in Virginia and Pennsylvania.

According to the complaint, summary judgment was entered by the Ohio state court in favor of plaintiff. However, that case was removed to the federal court and is now pending in the United States Supreme Court.

■ After the complaint was filed in this case, defendants moved to dismiss on the grounds that, because a case involving similar issues was pending in Ohio, the Colorado action should be dismissed or stayed to avoid duplication and the risk of inconsistent rulings. Initially, the trial court dismissed the complaint. Later, it vacated that order and entered an order granting a stay pending resolution of the Ohio case. Plaintiff then filed this appeal.

Plaintiff contends that the order granting a stay is a final appealable order under C.A.R. 1(a). Relying on *Levine v. Empire Savings & Loan Ass'n*, 192 Colo. 188, 557 P.2d 386 (1976), it argues that the legal effect of the order is to put an end to the Colorado litigation. Relying upon cases such as *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), it also argues that federal law supports this conclusion as well. We are not persuaded.

The jurisdiction of this court is established by § 13–4–102, C.R.S. (1987 Repl.Vol. 6A). As pertinent here, we may review the trial court's order if such constitutes a final judgment for purposes of the pending litigation.

■■■ Generally, a final judgment is one "which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982)(fn.2). However, orders that are not characterized as final but which in effect resolve a party's claims may be appealed to this court under special circumstances. *See Brody v. Bock*, 897 P.2d 769 (Colo.1995)(a dismissal without prejudice may constitute a final judgment if the order is tantamount to a ruling on the merits of a party's claim); *B.C. Investment Co. v. Throm*, 650 P.2d 1333 (Colo.App.1982)(order dismissing the complaint without prejudice is appealable if claims are barred by statute of limitations). We do not view that exception as applicable here.

The limited record before us reflects that the Ohio case does not involve all of the same parties. Further, plaintiff argued in the trial court in opposing defendant's motion to dismiss that the Ohio proceeding would not resolve the claims in this case because Fireman's, LaSalle Bank, and IDBI are not parties in that case and because the issues in the two cases were not the same. Hence, we are unable to conclude that the trial court's stay order here represents an end to the Colorado litigation. *See Monatt v. Pioneer Astro Industries, Inc.*, 42 Colo.App. 265, 592 P.2d 1352 (1979)(a stay of judicial proceedings stops progress in the litigation but does not involve the merits of the claims).

In reaching this conclusion, we are not persuaded that *Levine v. Empire Savings & Loan Ass'n, supra*, requires a different result. In *Levine*, the supreme court held that the legal effect of a judgment, rather than its form, should be considered in determining whether the judgment is final.

In that case, the order at issue determined that a complaint was legally insufficient as a class action and the supreme court held that the effect "is tantamount to a dismissal of the action as to all members of the class. . . ." *Levine v. Empire Savings & Loan Ass'n*, 192 Colo. at 189, 557 P.2d at 387. Here, however, the stay order may not be characterized as resolving any of the pending claims against Fireman's, IDBI, and LaSalle Bank.

We also reject plaintiff's contention that *Moses H. Cone Memorial Hospital v. Mercury Construction Corp., supra*, compels a determination that the order is appealable. In that case, the Supreme Court initially determined that the federal district court's order staying the action was not a final order under 28 U.S.C. § 1291 (1982), which authorizes an appeal from a final order of the trial court. It then considered whether the order was appealable as an exception to the finality rule of *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The court concluded that an appeal was proper because the sole purpose and effect of the stay was to surrender jurisdiction of a federal action to a state court for resolution of the case on its merits.

■■■ Three factors are required for a case to fit within the *Cohen* exception: (1) the order must conclusively determine the disputed question; (2) it must resolve an important issue completely separate from the merits of the action; and (3) it must effectively be unreviewable on appeal. Even if we assume that the *Cohen* exception applies in this state, we conclude that the requirements for application of the exception are not present here.

In this case, as noted, plaintiff in effect concedes that neither all of the issues nor all of the parties are identical. Further, there are no provisions in the court's order which preclude plaintiff from seeking to lift the stay in the trial court based upon a showing that some significant prejudice will otherwise occur.

Therefore, we conclude that the order granting a stay is not appealable even under the federal exception to the requirement of finality.

Accordingly, the appeal is dismissed without prejudice.

NEY and ROY, JJ., concur.