2012 COA 87

**Jesus DEVORA; Julian Martinez; and Manuel Moreno, Plaintiffs–Appellants,**

v.

**J. Mark STRODTMAN; and JS Real Estate LLC, a Colorado corporation, Defendants–Appellees.**

**No. 11CA0617.**

Colorado Court of Appeals, Div. I.

May 24, 2012.

Head & Associates, P.C., John F. Head, Denver, Colorado, for Plaintiffs–Appellants.

Opinion by Judge ROTHENBERG.*

¶ 1 In this case involving allegations of deceptive trade practices, civil theft, and racketeering, plaintiffs, Jesus Devora, Julian Martinez, and Manuel Moreno (collectively homeowners), appeal the district court's order denying their motion to certify the case as a class action lawsuit against defendants, J. Mark Strodtman and JS Real Estate LLC. We vacate the judgment and remand the case for further proceedings.

## I. Background

¶ 2 Defendants built homes in Weld County that were purchased by homeowners. Homeowners alleged in their complaint that defendants induced them to buy homes under prices and terms that they could not afford, misrepresented and failed to disclose loan financing terms, engaged in a pattern of racketeering, and intended to deprive mortgage lenders permanently of the proceeds defendants had received from the loans.

¶ 3 Homeowners also filed a motion, pursuant to C.R.C.P. 23(c)(1), to certify the action as a class action lawsuit naming homeowners as the class representatives. Defendants ob-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2011.

jected, contending that the damages of the potential class members varied significantly.

¶ 4 On August 4, 2010, the district court denied the motion for class certification. Homeowners' motion for reconsideration was denied on October 12, 2010. Homeowners then moved the court to certify its denial of the motion as a final judgment pursuant to C.R.C.P. 54(b). The court granted their motion, and on March 15, 2011, it certified its order as a final judgment. On March 25, 2011, homeowners filed their notice of appeal in this court.

¶ 5 During the screening process conducted by this court, it was observed that homeowners' notice of appeal was timely filed with respect to the court's C.R.C.P. 54(b) order. However, the notice of appeal was *not* filed within ten days of August 4, 2010 (when the district court denied the motion for class certification), as is required by section 13–20–901(1), C.R.S.2011. Accordingly, the motions division issued an order requiring homeowners to show cause whether this court has jurisdiction to review the district court's C.R.C.P. 54(b) order.

¶ 6 The motions division later discharged the show cause order, but directed the parties to address the jurisdictional issue in their appellate briefs along with the other issues.

## II. Jurisdiction over Interlocutory Appeal

¶ 7 We first consider whether we have jurisdiction to consider the merits of homeowners' interlocutory appeal from the court's C.R.C.P. 54(b) order denying class certification, or whether the appeal is governed by section 13–20–901(1), which requires that the notice of appeal be filed within ten days of the district court's order denying class certification. We conclude the notice of appeal was timely filed from the court's C.R.C.P. 54(b) order, and therefore, we have jurisdiction over this appeal.

### A. Standard of Review

¶ 8 Statutory interpretation is a question of law that we review de novo. *People v. Jaramillo*, 183 P.3d 665, 671 (Colo. App.2008). Our primary purpose in statutory interpretation is to ascertain and give effect to the intent of the General Assembly. We first look to the language of the statute, giving words and phrases their plain and ordinary meaning. *Id.*

¶ 9 We interpret a statute in a way that best effectuates the purpose of the legislative scheme. *Moffett v. Life Care Centers*, 187 P.3d 1140, 1143 (Colo.App.2008), *aff'd*, 219 P.3d 1068 (Colo.2009). When we construes a statute, we read and consider the statute as a whole and interpret it in a manner giving consistent, harmonious, and sensible effect to all of its parts. *Id.* In doing so, we do not interpret the statute so as to render any part of it either meaningless or absurd. *Id.* at 1144. If there is an apparent conflict between statutory sections, we are required to attempt to harmonize them to give effect to the legislature's intent in enacting both of the statutes. *Salazar v. Indus. Claim Appeals Office*, 10 P.3d 666, 667 (Colo.App.2000).

¶ 10 If the statute is unambiguous, we look no further. *Moffett*, 187 P.3d at 1143. But if a statute is ambiguous, we may consider prior law, legislative history, the consequences of a given construction, and the underlying purpose or policy of the statute. *Id.*

### B. Section 13–20–901(1)

¶ 11 Section 13–20–901(1) went into effect on July 1, 2003. It provides:

> A court of appeals may, in its discretion, permit an interlocutory appeal of a district court's order that *grants or denies* class action certification under court rule so long as application is made to the court of appeals within ten days after entry of the district court's order.

(Emphasis added.)

¶ 12 The purpose of section 13–20–901(1) was to give either party the opportunity to file an interlocutory appeal from an order *granting* or *denying* class certification, regardless of whether the district court's decision is a final judgment. *See* K. Preston Oade, Lee Mickus & Jeff Whitney, *New Statutes Change Civil Litigation in Colorado*, 33 Colo. Law. 65, 68–69 (May 2004) (Oade).

¶ 13 Before the enactment of the statute, there were two ways in which a named plaintiff could appeal the denial of a motion to certify a class. The plaintiff could await final judgment on the individual claims. *See generally Carothers v. Archuleta County Sheriff,* 159 P.3d 647, 650 (Colo.App.2006) (absent an exception provided by rule or statute, a final judgment is a jurisdictional prerequisite to appellate review).

¶ 14 Alternatively, the plaintiff could request that the district court make the order a final judgment, pursuant to C.R.C.P. 54(b). *See Cyr v. District Court,* 685 P.2d 769, 770–71 (Colo.1984); *Levine v. Empire Sav. & Loan Ass'n,* 192 Colo. 188, 189–90, 557 P.2d 386, 387 (1976).

¶ 15 C.R.C.P. 54(b) creates an exception to the general rule that an entire case must be resolved by a final judgment before an appeal is brought. C.R.C.P. 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

¶ 16 Absent certification under C.R.C.P. 54(b), "litigation involving multiple claims or multiple parties is treated as a single action which is not final and appealable until all of the issues in the litigation are adjudicated." *Kempter v. Hurd,* 713 P.2d 1274, 1278 (Colo.1986); *see Reyher v. State Farm Mut. Auto. Ins. Co.,* 2012 COA 58, ¶ 16, 280 P.3d 64.

¶ 17 However, Rule 54(b) does not provide a remedy for a party who wants to obtain interlocutory review of an order *granting* class certification (normally the defendant in the district court action), because such an order is not subject to appeal. *See Soto v. Progressive Mountain Ins. Co.,* 181 P.3d 297, 300 (Colo.App.2007) (concluding an order denying class certification is subject to appeal based on a C.R.C.P. 54(b) certification, but an order *granting* class certification is not subject to an appeal under Rule 54(b)).

¶ 18 Although a party could challenge an order granting class certification by filing an original writ in the Colorado Supreme Court pursuant to C.A.R. 21, relief under that rule is rare and is granted only if "no other adequate remedy ... is available." *See* Oade, 33 Colo. Law. at 68–69.

### B. Application to this Case

¶ 19 The issue arose in this case when the motions division of this court observed that homeowners' notice of appeal was timely filed with respect to the district court's Rule 54(b) order, but untimely filed under section 13–20–901(1). Although the language of the statute is clear, its application is ambiguous because it is unclear whether the legislature intended that the statute supplant other appellate remedies permitting interlocutory appeals, or whether the statute was intended to create a remedy for defendants who wish to immediately challenge an order granting class certifications and to add to the existing remedies available for plaintiffs.

¶ 20 As the supreme court stated in *Griffin v. S.W. Devanney & Co.,* 775 P.2d 555, 559 (Colo.1989):

> If ... statutory language is uncertain as to its intended scope, with the result that the statutory text lends itself to alternative constructions, then a court may appropriately look to pertinent legislative history in determining which alternative construction is in accordance with the objective sought to be achieved by the legislation, and also may consider the consequences of a particular construction.

(Citations omitted.)

¶ 21 The legislative history in this case discloses that the General Assembly's intent in enacting section 13–20–901(1) was not to create an exclusive remedy but to add to existing appellate remedies. Indeed, this issue was addressed by the Senate Judiciary Committee before section 13–20–901 was enacted. *See* Hearings on H.B. 1027 before the S. Judiciary Comm., 64th Gen. Assemb., 1st Sess. (Mar. 3, 2003) (upon Senator Evans'

inquiry, witness testified that the bill would not affect a party's right to appeal a certification order at end of case).

■ ¶ 22 Therefore, we hold that where a named plaintiff chooses not to file an interlocutory appeal of an order denying class certification under section 13–20–901(1), the plaintiff does *not* waive the right to appeal that order by requesting and obtaining a C.R.C.P. 54(b) certification of final judgment, or upon a final judgment on the merits. *See Carpenter v. Boeing Co.*, 456 F.3d 1183, 1192 (10th Cir.2006) (where the plaintiffs did not file a Rule 23(f) petition within ten days of district court's certification decisions, any appeal of those decisions must await final judgment); *see also Patterson v. BP Am. Prod. Co.*, 240 P.3d 456, 461 (Colo.App.2010) (because C.R.C.P. 23 is almost identical to Fed. R.Civ.P. 23, we may look to federal case law for guidance on this issue), *aff'd*, 263 P.3d 103 (Colo.2011).

¶ 23 Because homeowners chose not to appeal the district court's order under section 13–20–901(1), they had the option of awaiting a final judgment on the merits of their individual claims or requesting a C.R.C.P. 54(b) order. Homeowners obtained a Rule 54(b) order and filed a timely notice of appeal. Thus, we have jurisdiction to consider their appeal.

### III. Class Action Ruling

■ ¶ 24 Turning to the merits, homeowners contend the district court erred in finding they did not meet the typicality and adequacy requirements of C.R.C.P. 23(a) because the class members had differing damages from one another. We agree.

¶ 25 C.R.C.P. 23(a) establishes four prerequisites to the maintenance of a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the class; and (4) the class representatives will fairly and adequately protect the interests of the class. *Patterson*, 240 P.3d at 461. If these prerequisites are satisfied, then the plaintiff must show the class meets the requirements of one of the subsections of C.R.C.P. 23(b). *Id.*

¶ 26 Homeowners sought certification under C.R.C.P. 23(b)(3) which is appropriate if (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. C.R.C.P. 23(b)(3).

■ ¶ 27 Whether to certify a class action lies within the district court's discretion, and we will not disturb that court's decision absent an abuse of its discretion. *Patterson*, 240 P.3d at 462. An abuse of discretion occurs where the district court's decision is manifestly arbitrary, unreasonable, or unfair, or when the trial court applies incorrect legal standards. *Id.*

¶ 28 Here, the district court gave these reasons for denying class certification:

> [Homeowners] have not met their burden of demonstrating that this action is appropriate for class certification. [Homeowners] have failed to prove the typicality and adequate representation elements of Rule 23. Based on the pleadings in the court's file, it is apparent that·potential class members will more than likely have damages that differ from other members of the class, and that each potential class member's damages will have to be found and calculated separately.... [Homeowners] have not demonstrated that each of the three [homeowners] [has] damages that are typical of the other potential class members. Accordingly, the three [homeowners] will not adequately represent the claims of the other class members.

¶ 29 However, the typicality requirement may be satisfied even though there is disparity in the damages claimed by the class representatives and the putative class members. *Id.* The class representatives need only establish "a nexus between the class representatives' claims or defenses and the common questions of fact or law which unite the class." *Id.* (quoting *Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378, 385 (D.Colo.1993)); *see Kuhn v. State Dep't of Revenue*, 817 P.2d

**534**

101, 105 (Colo.1991) ("Nor does the fact that, if the class prevails, each class member will be owed a different [damages] amount defeat typicality."); *see also Lane v. Page*, 272 F.R.D. 558, 570 (D.N.M.2011) (differences in the amount of damages will not defeat typicality); *McPhail v. First Command Fin. Planning, Inc.*, 247 F.R.D. 598, 610 (S.D.Cal. 2007) (the need to calculate individual damages does not defeat typicality); *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 28 (D.D.C.2001) ("Although [the plaintiffs] may not have suffered identical damages, that is of little consequence to the typicality determination when the common issue of liability is shared.") (quoting *Lewis v. Nat'l Football League*, 146 F.R.D. 5, 9 (D.D.C.1992)).

¶ 30 Accordingly, we conclude the district court erred as a matter of law in finding that homeowners had failed to prove the typicality element of C.R.C.P. 23(a) because their damages might or would be different from those of the potential class members. The court's ruling regarding the adequacy requirement was based on its erroneous typicality finding. *See Tucker v. BP Am. Prod. Co.*, 278 F.R.D. 646, 655 (W.D.Okla.2011) (typicality and adequacy inquiries overlap).

¶ 31 The district court did not make specific findings regarding the remaining requirements of C.R.C.P. 23(a) and C.R.C.P. 23(b)(3). Thus, we are unable to determine whether homeowners established those requirements. *See In re Marriage of Gedgaudas*, 978 P.2d 677, 682 (Colo.App.1999) (a trial court's order must contain findings of fact and conclusions of law sufficient to give an appellate court a clear understanding of the basis of its decision). Therefore, we remand the case to the district court for further findings of fact and a determination whether homeowners' class action lawsuit should be certified.

¶ 32 The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge TAUBMAN and Judge FOX concur.