BOARD OF MEDICAL EXAMINERS, State of Colorado, Petitioner–Appellee,

v.

S. Crawford DUHON, M.D., Respondent–Appellant.

No. 92CA1009.

Colorado Court of Appeals, Div. C.

Dec. 3, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., William J.

Higgins, First Asst. Atty. Gen., Denver, for petitioner-appellee.

Sheila H. Meer, P.C., Sheila H. Meer, Denver, for respondent-appellant.

PER CURIAM.

In this action to enforce an administrative subpoena against S. Crawford Duhon, M.D., the Board of Medical Examiners has filed a motion to dismiss the appeal for lack of jurisdiction. We deny the motion.

The Board commenced these proceedings in the district court pursuant to § 12–36–104(1)(b), C.R.S. (1991 Repl.Vol. 5B) to enforce a subpoena issued by it. The only relief requested by the Board was an order enforcing the subpoena, and the issuance of such an order by the court disposed of all matters pending before that court in those proceedings.

The Board contends that the order enforcing its subpoena is not final in that no final agency action has occurred nor has any final order entered in a special statutory proceeding. Contrary to the Board's arguments, we conclude that the order constitutes a final judgment of a district court within the meaning of C.A.R. 1(a)(1).

Enforcement of the Board's subpoena is a special statutory proceeding similar to the proceedings to enforce subpoenas issued by the Department of Revenue that were at issue in *Charnes v. DiGiacomo*, 200 Colo. 94, 612 P.2d 1117 (1980). *Compare* § 39–21–112(3), C.R.S. (1982 Repl.Vol. 16B) *with* § 12–36–104(1)(b), C.R.S. (1991 Repl.Vol. 5B). In both instances, the organic statute of the agency provides for the agency to obtain enforcement of its subpoenas in the district court. In *Charnes*, it was held that the district court order in the enforcement proceeding is appealable pursuant to C.A.R. 1.

*People v. District Court*, 164 Colo. 385, 435 P.2d 374 (1968) is inappropriate to the issue raised here. The only order issued in that case was an order quashing the subpoena, but granting leave to reserve the respondent. Unlike an order enforcing a subpoena, an order to quash, because it does not dispose of the proceedings, does not constitute a final judgment. *Hoen v. District Court*, 159 Colo. 451, 412 P.2d 428 (1966).

Hence, we conclude that we have jurisdiction over this cause. *Cf. Colorado State Board of Nursing v. Bethesda Psychiatric Hospital*, 809 P.2d 1051 (Colo.App. 1990) (enforcement proceeding under § 12–38–120(7), C.R.S. (1991 Repl.Vol. 5B)).

The motion is denied.

CRISWELL, HUME and ROTHENBERG, JJ., concur.