**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff–Appellee,**

v.

**John M. BELLINO, Defendant–Appellant, and Concerning Melat, Pressman, Ezell & Higbie, L.L.P., Appellant.**

No. 97CA1503.

Colorado Court of Appeals, Div. IV.

Aug. 20, 1998.

Rehearing Denied Sept. 17, 1998.

Certiorari Denied May 10, 1999.*

---

* Chief Justice MULLARKEY would GRANT as to the following issue:

Whether a sanction order awarding attorney fees under C.R.C.P. 11 and section 13–17–102, 5 C.R.S. (1998) against law firm and client for filing a meritorious motion to recuse is certifiable as a final judgment under C.R.C.P. 54(b) in view of the decision in *Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072 (Colo.1988), that an award of attorney fees under section 13–17–102 is separate from a decision on the merits for purposes of appeal.

Wells, Anderson & Race, L.L.C., Sheryl L. Anderson, L. Michael Brooks, Jr., Denver, for Plaintiff–Appellee.

Melat, Pressman, Ezell & Higbie, L.L.P., Glenn S. Pressman, Colorado Springs, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, John Bellino, and his attorneys, Melat, Pressman, Ezell and Higbie, LLP (law firm), appeal the order awarding attorney fees as sanctions against them pursuant to C.R.C.P. 11 and § 13–17–102, C.R.S.1997, in favor of the plaintiff, State Farm Fire and Casualty Co. (State Farm). We dismiss the appeal.

The trial court awarded attorney fees as sanctions against the defendant and the law firm in connection with a motion to recuse. The trial court found that the motion was filed for improper purposes under C.R.C.P. 11 and that the defendant and the law firm had engaged in improper conduct under § 13–17–102. The trial court certified its sanction order under C.R.C.P. 54(b).

A show cause order was issued by this court to determine if the order being appealed was properly certified under C.R.C.P. 54(b). A decision on the show cause was deferred to this division, and we now make the show cause absolute and dismiss the appeal without prejudice.

C.R.C.P. 54(b) provides in relevant part that:

> When more than one *claim for relief* is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than *all of the claims* ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. (emphasis added)

C.R.C.P. 54(b) provides an exception to the general rule that an entire case must be determined before any ruling within the case may be appealed. Only when the following three criteria are found by the trial court is certification under the rule proper: (1) the decision certified is a ruling upon an entire claim for relief; (2) the decision ultimately disposes of an individual claim; and (3) there is no just reason for delay in entering a final judgment on the claim. *Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

By its terms, the rule is limited to actions involving separate claims for relief. For example, because exemplary damages do not constitute a separate claim for relief, an order dismissing a request for exemplary damages cannot be certified under C.R.C.P. 54(b). *Harding Glass Co. v. Jones, supra.* Similarly, a request for sanctions pursuant to C.R.C.P. 11 is not an independent claim that can be presented in a separate proceeding. *Henry v. Kemp,* 829 P.2d 505 (Colo.App. 1992).

There is no Colorado case directly discussing whether sanctions requested under C.R.C.P. 11 and § 13–17–102 constitute separate claims for relief certifiable under C.R.C.P. 54(b); thus, we turn for guidance to federal court opinions interpreting a substantially identical rule, Fed.R.Civ.P. 54(b). *See Faris v. Rothenberg,* 648 P.2d 1089 (Colo. 1982) (when a federal rule of civil procedure is identical to a Colorado rule, federal cases and authorities interpreting the federal rule are persuasive); *Harding Glass Co. v. Jones, supra.*

Federal courts have concluded that sanction orders for discovery or litigation abuses, similar to the orders entered here, may not be certified under the federal rule because such orders do not resolve any substantive claim for relief. Rather, like the division in *Henry v. Kemp, supra,* the federal courts hold that such orders are incidental to the

substantive claims asserted in an action. *See Estate of Drayton v. Nelson,* 53 F.3d 165 (7th Cir.1994); *M.A. Mortenson Co. v. United States,* 877 F.2d 50 (Fed.Cir.1989); *Mulay Plastics, Inc. v. Grand Trunk Western R.R. Co.,* 742 F.2d 369 (7th Cir.1984), *cert. denied,* 470 U.S. 1037, 105 S.Ct. 1409, 84 L.Ed.2d 798 (1985); *Seigal v. Merrick,* 619 F.2d 160 (2d Cir.1980). We find this reasoning persuasive and accordingly hold that the sanction order here is not certifiable under C.R.C.P. 54(b).

Moreover, there is no need to allow interlocutory sanction orders to be appealed in a piecemeal fashion, thereby cluttering appellate courts. *See Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co.,* 634 F.2d 1215 (9th Cir.1980). Allowing appeals from sanction orders before a judgment has been entered on the merits would discourage the trial court's use of an important disciplinary tool and could be abused by parties wishing to delay the judicial process. Further, based on later events, a trial court may reconsider its sanctions order, thereby obviating the need for an appeal.

Accordingly, the appeal is dismissed without prejudice.

Chief Judge HUME and Judge RULAND concur.