**Stacy LUSTER and Walter Luster, Plaintiffs–Appellees,**

v.

**Judith M. BRINKMAN, M.D., by and through her assignee for collection, COPIC Insurance Company, Defendant–Appellant.**

No. 09CA0563.

Colorado Court of Appeals, Div. II.

Feb. 4, 2010.

As Modified on Denial of Rehearing March 18, 2010.

See also, 205 P.3d 410.

Leventhal, Brown & Puga, P.C., Benjamin Sachs, DezaRae D. LaCrue, Denver, Colorado, for Plaintiffs–Appellees.

Stone & Rosen, P.C., Andrew Rosen, Boulder, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

In this postjudgment proceeding involving attempts to collect a judgment for costs, defendant, Judith M. Brinkman, M.D., through her assignee for collection, COPIC Insurance Company (collectively Brinkman), appeals the trial court's order denying her request for substituted service of C.R.C.P. 69 interrogatories upon plaintiffs, Stacy Luster and Walter Luster. We remand for further proceedings.

## I. Facts

The Lusters sued Brinkman for medical malpractice. A jury found for Brinkman, and a division of this court affirmed the judgment on the merits. *Luster v. Brinkman*, 205 P.3d 410 (Colo.App.2008). The trial court awarded $79,297.08 in costs to Brinkman as the prevailing party.

Because the Lusters did not voluntarily pay the cost judgment, Brinkman began collection proceedings and attempted personal service of C.R.C.P. 69 interrogatories upon them in Georgia, where they now reside in a building that allows access only by use of a coded keypad. When those attempts were unsuccessful, Brinkman requested the trial court to authorize substituted service of the interrogatories upon counsel for the Lusters pursuant to C.R.C.P. 4(f). Brinkman stated that she would be willing to waive the requirement that the Lusters appear personally in Colorado to sign the answers to the interrogatories under oath before the clerk of the court.

Counsel for the Lusters objected, asserting that personal service is required under C.R.C.P. 45, and that substituted service under C.R.C.P. 4 is not authorized. The trial court agreed and denied Brinkman's motion. This appeal ensued.

## II. Jurisdiction

Because it affects our jurisdiction, we first address the Lusters' claim that the trial court's order is interlocutory and therefore not appealable. We conclude that a remand is required for fact finding concerning finality.

### A. Determining Finality

Under C.A.R. 1(a)(1), an appeal may be taken from "[a] final judgment of any district, superior, probate, or juvenile court in all actions or special proceedings whether governed by these rules or by the statutes." *See also* § 13–4–102(1), C.R.S.2009 (court of appeals has initial jurisdiction over appeals from final district court judgments).

■ For an order to be final, it must end the particular action in which it is entered and leave nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding. *Scott v. Scott,* 136 P.3d 892, 895 (Colo.2006); *Cyr v. Dist. Court,* 685 P.2d 769, 771 (Colo.1984). In determining whether an order is final, we look to the legal effect of the order rather than its form. *Levine v. Empire Sav. & Loan Ass'n,* 192 Colo. 188, 189, 557 P.2d 386, 387 (1976). Thus, an order is final for purposes of appeal when it "finally disposes of the particular action and prevents further proceedings as effectually as would any formal judgment." *Id.* at 190, 557 P.2d at 387 (quoting *Herrscher v. Herrscher,* 41 Cal.2d 300, 304, 259 P.2d 901, 903 (1953)).

The parties have not cited any Colorado case law, and our own research has revealed none, discussing whether the test to be applied in determining finality of a postjudgment collection order is somehow different. Other divisions of this court, without directly addressing the jurisdictional issue, have simply reviewed trial court orders concerning postjudgment C.R.C.P. 69 motions. *See generally Isis Litigation, L.L. C. v. Svensk Filmindustri,* 170 P.3d 742 (Colo. App.2007) (reviewing trial court's C.R.C.P. 69(d) order); *see also Securities Investor Protection Corp. v. First Entertainment Holding Corp.,* 36 P.3d 175, 176 (Colo.App. 2001) (characterizing appeal as a "C. R.C.P. 69(g) proceeding" and reviewing trial court's order).

With exceptions not relevant here, federal appellate jurisdiction also depends upon finality. *See* 28 U.S.C. § 1291 (courts of appeal have jurisdiction of appeals from all final decisions of the district courts of the United

States). Accordingly, we may turn to federal cases to assist us in determining the appropriate test. *See Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072, 1074 (Colo.1988) (noting section 13–4–102(1), providing that the court of appeals has "initial jurisdiction over appeals from final judgments," is similar to 28 U.S.C. § 1291, and finding federal law discussing finality persuasive); *Harding Glass Co. v. Jones,* 640 P.2d 1123, 1125 n. 3 (Colo. 1982) (when federal law is similar, federal cases may be persuasive in analyzing the state provision).

Federal case law instructs that some, but not all, postjudgment orders are final and therefore appealable. *Blossom v. Milwaukee & C.R. Co.,* 1 Wall. 655, 68 U.S. 655, 657, 17 L.Ed. 673 (1863), held that, when assessing the appealability of a postjudgment order, the appropriate inquiry is whether the order is more than administrative or ministerial in that it affects rights or creates liabilities not previously resolved by the adjudication of the merits. In the context of postjudgment proceedings, this concept remains viable in federal case law. *See generally Cadle Co. v. Neubauer,* 562 F.3d 369, 372 (5th Cir.2009) (stating that most, but not all, postjudgment orders are final decisions, and that to be final, the order must dispose completely of the issues raised; court held that an order substituting a new party as a judgment creditor was final for appellate purposes); *Isidor Paiewonsky Associates, Inc. v. Sharp Properties, Inc.,* 998 F.2d 145, 150 (3d Cir.1993) (in the context of postjudgment orders, stating that a final decision is one that disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment, and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree; holding that an order granting a writ of assistance in execution of the judgment is a final order permitting appeal); *Motorola, Inc. v. Computer Displays Int'l, Inc.,* 739 F.2d 1149, 1154 (7th Cir.1984) (to be final, the order must dispose completely of the issues raised; holding that a civil contempt order lacking sanctions is not a final order).

To some extent, the federal cases appear to employ an issue-based analysis of finality when dealing with postjudgment orders. In Colorado, however, the supreme court has clearly rejected an issue-based analysis, *see Scott,* 136 P.3d at 895, and has relied upon the general finality test stated in *Harding Glass,* 640 P.2d at 1125, that a final order is one that ends the particular action in which it is entered. *See also Cyr,* 685 P.2d at 771 (recognizing that Colorado has held final any order that terminates the proceeding, prevents a party from further prosecuting the same, and relieves a party from further responding to the asserted claims).

■ We conclude that, with slight modification, the test articulated in *Scott* and *Harding Glass* is applicable in determining finality of postjudgment collection orders. The order must end the particular part of the action in which it is entered, leave nothing further for the court pronouncing it to do in order to completely determine the rights of the parties as to that part of the proceeding, and be more than a ministerial or administrative determination. We employ the phrase "particular part" to modify "the action" because, in postjudgment collection situations, the underlying "action" has already been concluded, by definition, with the entry of a judgment. Nevertheless, part of the action may still be "live," as when the final underlying judgment has not been satisfied and the judgment creditor seeks court assistance to obtain payment. Further, the requirement that the order must be more than a ministerial or administrative determination ensures that the order affects rights or creates liabilities not previously resolved by the adjudication of the merits.

### B. Application to this Case

■ The trial court did not have the benefit of our holding when it made its decision, and thus it did not address whether its ruling was final. Accordingly, the trial court did not determine whether its order effectively ends Brinkman's efforts through court processes to obtain information about the assets of the Lusters, nor whether the order prevents further proceedings, such as issuance of a writ of execution directed to seizure of a

668

particular asset or a writ of garnishment to debtors of the Lusters. We are not in a position to make factual determinations as to these issues. *See Scott,* 136 P.3d at 896 (trial court is in a better position to determine whether an order completely resolves an issue); *Wark v. Bd. of County Comm'rs,* 47 P.3d 711, 714 (Colo.App.2002) (any factual dispute upon which the existence of jurisdiction may turn is for the trial court to resolve).

■ We are, however, in a position to determine, and so conclude, that the order is more than a ministerial or administrative determination because it affects collection rights, which were not previously resolved by the adjudication of the merits. *See Wilkinson v. FBI,* 922 F.2d 555, 558 (9th Cir.1991) (an order denying postjudgment discovery is an appealable order), *overruled on other grounds by Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

In light of this disposition, we decline to address Brinkman's contention that the trial court erred in denying her motion for substituted service of C.R.C.P. 69 interrogatories under C.R.C.P. 4(f).

Accordingly, the case is remanded to the trial court with directions that, employing the standard we have adopted here, it should determine whether its substituted service order effectively ends Brinkman's collection efforts and prevents further collection proceedings. Because of the procedural posture of this case, in making that determination the trial court may consider events occurring after its denial of the motion, including any out-of-state collection activities undertaken by Brinkman. If the court determines the order is final, the appeal shall be recertified to this court. If the court determines the order is not final, the court shall conduct further proceedings to resolve Brinkman's collection action.

Judge GABRIEL and Judge BOORAS concur.