Colorado Court of Appeals Opinions || March 24, 2016

Colorado Court of Appeals -- March 24, 2016
2016 COA 44. No. 14CA2097. Sidman v. Sidman.

  

  

 
 
 
 COLORADO COURT OF APPEALS

 
 2016 COA 44

 
 

 Court of Appeals No. 14CA2097
 El Paso County District Court No. 07CV3451
 Honorable Scott A. Sells, Judge

 Alan Sidman and Sheryl Sidman,

 Plaintiffs-Appellants,

 v.

 Michael Sidman and Renee Sidman,

 Defendants-Appellees.

 ORDER AFFIRMED

 Division VI
 Opinion by JUDGE TERRY
 Navarro and Freyre, JJ., concur

 Announced March 24, 2016

 Beltz & West, P.C., Daniel A. West, Colorado Springs, Colorado, for Plaintiffs-Appellants

 Leo L. Finkelstein, Colorado Springs, Colorado, for Defendants-Appellees

  

 ¶1       Legal guardians receive, manage, and spend money for the children they protect. So when someone concerned about a protected child asks a court to order a guardian to account for the child’s money, under Colorado law, does the court have to do it? Our answer to this question of first impression is: No, the court has discretion whether to order guardians to provide an accounting.

 I. Background and Procedural Posture

 ¶2       D.I.S. (the child) was born in 1999 to Alan and Sheryl Sidman (the parents). Because Sheryl Sidman suffered from severe post-partum depression after the child’s birth, the parents asked his uncle and aunt, Michael and Renee Sidman (the guardians), to care for him. In 2002, they were appointed to be the legal guardians for the child. Now sixteen years old, the child remains in the guardians’ care. Financial support is paid to the guardians from two sources: (1) the parents pay child support and (2) a portion of the mother’s disability benefits is diverted for the child.

 ¶3       In this latest skirmish of a years-long legal battle between the parties, see In re D.I.S., 249 P.3d 775, 777-79 (Colo. 2011), the parents filed a motion for an accounting, seeking supporting documentation for the guardians’ receipts and expenditures for the child. The trial court denied that motion, and the parents now appeal.

 ¶4       In addition to filing an answer brief, the guardians filed a motion to dismiss the parents’ appeal. The motions division deferred determination of that motion to this division.

 ¶5       We deny the guardians’ motion to dismiss the appeal and affirm the trial court’s order.

 II. Motion to Dismiss

 ¶6       In their motion to dismiss this appeal, the guardians made two arguments: (1) the order being appealed was not final and (2) the trial court should have followed the law of the case instead of reaching the merits of the parents’ motion for an accounting. We reject both contentions.

 A. Finality

 ¶7       The guardians contend that we have no jurisdiction to review the parents’ appeal. According to the guardians, the order denying the motion for an accounting was not a final, appealable order because a motion to modify child support was pending when the order was entered, and therefore the order did not resolve all pending matters.

  

 ¶8       Even if we assume that the order did not end "the particular part of the action in which it [was] entered," Luster v. Brinkman, 250 P.3d 664, 667 (Colo. App. 2010), as modified on denial of reh’g (Mar. 18, 2010), the jurisdictional defect was cured when the motion to modify child support was finally resolved in November 2014. See Musick v. Woznicki, 136 P.3d 244, 246-47 (Colo. 2006). The order is therefore final and subject to appeal.

 B. Law of the Case

 ¶9       We also reject the guardians’ argument that the trial court was bound by the law-of-the-case doctrine to follow its two previous orders (from 2011 and 2013) denying the parents’ similar requests for an accounting. When applied to a court’s own rulings, the law-of-the-case doctrine is discretionary, not mandatory. See Giampapa v. Am. Family Mut. Ins. Co., 64 P.3d 230, 243 (Colo. 2003). Thus, the trial court was not compelled by the law of the case to refrain from considering the parents’ motion.

 ¶10       Moreover, the law of the case from the district court would not bind us on appeal, see id. (an appellate court is not bound by substantive decisions made in a lower court), and would not provide grounds for us to dismiss the appeal, see C.A.R. 1(a), (b). See also § 13-4-102, C.R.S. 2015 (defining jurisdiction of Colorado Court of Appeals). We therefore proceed to consider the merits of the appeal.

 III. Requirement to Account as a Matter of Law

 ¶11       The parents contend that the trial court erred in denying their motion for accounting. They assert that the Colorado Probate Code requires guardians to account for a ward’s money upon application of an interested person. We disagree with their assertion that the trial court was required to order such an accounting.

 A. Standard of Review and Applicable Law

 ¶12       We review the construction of statutes de novo. Lobato v. Indus. Claim Appeals Office, 105 P.3d 220, 223 (Colo. 2005).

 ¶13       In interpreting a statute, our primary goals are to discern and give effect to the General Assembly’s intent. Krol v. CF & I Steel, 2013 COA 32, ¶15. We look first to the statutory language, giving words and phrases their plain and ordinary meanings, id., according to the rules of grammar and common usage, § 2-4-101, C.R.S. 2015. We read the language in the dual contexts of the statute as a whole and the comprehensive statutory scheme, giving consistent, harmonious, and sensible effect to all of the statute’s language. Krol, ¶15. After doing this, if we determine that the statute is not ambiguous, we enforce it as written and do not resort to other rules of statutory construction. Id. 

 B. Discussion

 ¶14       In its 2002 order appointing the guardians, the trial court ordered the guardians to file annual reports. The parents do not dispute that the guardians have filed annual reports using form JDF 834. See C.R.P.P. 31.2 (setting forth requirements for guardian’s reports and referring to form JDF 834).

 ¶15       In their current motion for an accounting, the parents asked the court to order the guardians "to account for the minor child’s expenses to include supporting documentation for all receipts and all disbursements for all expenditures for the minor child, and bank records of where the minor child’s monies are held from the date of appointment to present." The parents assert that various provisions of the Colorado Probate Code, §§ 15-1-101 to 15-22-112, C.R.S. 2015, as well as JDF 834, required the court to grant their motion, and we address each contention in turn.

 1. Section 15-14-207(2)(e)

 ¶16       The parents argue that section 15-14-207(2)(e), C.R.S. 2015, required the guardians to provide the accounting that the parents requested. Section 15-14-207(2) provides:

 A guardian shall:

 . . . .

 (e) Report the condition of the ward and account for money and other assets in the guardian’s possession or subject to the guardian’s control, as ordered by the court on application of any person interested in the ward’s welfare or as required by court rule . . . .

 (Emphasis added.)

 ¶17       The guardians do not dispute that the parents are persons "interested in the ward’s welfare" or that the parents applied for an accounting. And the parents do not contend that the accounting they requested was "required by court rule."

 ¶18       If guardians must account "as ordered by the court on application" of interested persons, does an application force the court’s hand? We are aware of no other case interpreting the phrase, "as ordered by the court on application," and we have not found it in any other Colorado statute. We thus employ the rules of statutory construction to find the answer.

 ¶19       Standing alone, the words "as ordered by the court" suggest that the court has discretion whether to issue an order and as to the extent of any order issued. The statute does not contain mandatory language directed at the court, such as "must," "shall," or "is required to." See People v. Dist. Court, 713 P.2d 918, 921 (Colo. 1986) (indicating that "shall" and "require" are most often interpreted as mandatory). Instead, the only mandatory language in the statute refers to the guardian rather than to the court: "A guardian shall: . . . . (e) Report . . . and account . . . , as ordered by the court on application . . . ." § 15-14-207(2) (emphasis added).

 ¶20       The phrase "as ordered by the court" is followed immediately by the words "on application of any person interested in the ward’s welfare." Under the rules of grammar and common usage, a qualifying second phrase is usually restrictive if it follows immediately after a first phrase without a comma. See U.S. Gov’t Printing Office, Style Manual § 8.40, at 201 (2008). So, "on application . . ." restricts "as ordered by the court," but how?

  

 ¶21       We look to the dictionary for guidance as to what "on application" means here. See People v. Daniels, 240 P.3d 409, 411 (Colo. App. 2009). As used in the phrase "on application," the word "on" means "occurrence at the same time as or following or as a result of something." Webster’s Third New Int’l Dictionary 1574 (2002). As a practical matter, a court order cannot occur at the same time as an application. Therefore, "on application," as used in the statute, could reasonably be read to mean either (1) following application or (2) as a result of application.

 ¶22       We determine that, under either of these potential meanings, the restriction "on application" does not require the court to order an accounting. Instead, we read the phrase "on application" as requiring the court to exercise its discretion to decide whether to order an accounting and the extent of any such accounting. If the legislature had wanted to require the court to order an accounting any time an application is made, and to leave the court discretion only as to the extent of the accounting, it would have used mandatory language to accomplish that goal. See, e.g., § 11-50-120(4), C.R.S. 2015 ("If a custodian is removed under section 11-50-119(6), the court shall require an accounting . . . ."); § 19-2-925(2), C.R.S. 2015 ("The court shall . . . order that the juvenile: . . . . (i) Make restitution as ordered by the court . . . .").

 ¶23       We conclude that section 15-14-207(2)(e) did not require the court to order the guardians to provide an accounting after the parents filed their motion seeking an accounting. Instead, the parents’ motion triggered the court’s duty to exercise its discretion as to whether to order an accounting and the extent of any such accounting. The court exercised that discretion by denying the parents’ motion.

 2. Fiduciary Statutes

 ¶24       The parents point out that all guardians are fiduciaries, § 15-1-103(2), C.R.S. 2015, and that fiduciaries are required to keep fiduciary property separate from the fiduciaries’ personal property, § 15-1-501, C.R.S. 2015. But Colorado’s fiduciary law does not require that guardians provide an accounting.

 ¶25       The parents suggest that a recurring pattern in the financial summary sections of the annual reports filed by the guardians indicates that the guardians are not keeping the child’s money separate from their own as required. The financial summary section of JDF 834, which the guardians use for their annual reports, has spaces where the reporter must enter (1) the beginning balance of bank accounts; (2) monies received; (3) monies paid; and (4) the ending balance of bank accounts. On the form, the guardians listed an amount of money as "monies received," an identical amount as "monies paid," and zero for both the beginning and ending balances of the child’s bank accounts. That pattern was repeated each year from 2008 to 2014. The parents assert that the guardians’ repeated reports that the child’s bank accounts have a beginning and ending balance of zero indicate that the guardians have failed to keep the child’s money separate from the guardians’ funds.

 ¶26       The parents do not explain how the fiduciary statutes and asserted facts make any difference as to whether the guardians were required to provide an accounting. The referenced statutes do not mention a duty to provide an accounting. However, as we will discuss below, these statutes and facts could reasonably bear on whether the court abused its discretion in denying the parents’ motion, because facts suggesting that the guardians may be breaching their fiduciary duties would weigh in favor of ordering an accounting.

 3. JDF 834

 ¶27       JDF 834, the standard form on which the guardians make their annual reports, includes an admonition that interested persons may, at any time, request copies from guardians of "supporting documentation for all receipts and all disbursements." The parents rely on this language to argue that the guardians are required to provide such information to them. We reject this argument, because we are aware of no authority, and the parents have not provided any, indicating that commentary in Colorado’s standard judicial forms has the force of law.

 IV. Abuse of Discretion

 ¶28       The parents argue that the trial court abused its discretion in denying their motion for an accounting. We disagree.

 ¶29       A court abuses its discretion when its ruling is (1) based on an erroneous understanding or application of the law or (2) manifestly arbitrary, unreasonable, or unfair. People v. Esparza-Treto, 282 P.3d 471, 480 (Colo. App. 2011).

 ¶30       The following facts in the record support the trial court’s decision to deny the parents’ motion for an accounting:

 
 The guardians filed the annual guardians’ reports every year as required. Each report includes a "Summary of Financial Activity" section.

 
 The guardians’ expenditures on the child, as described in the annual reports, were consistent with regional averages based on reports by the United States Department of Agriculture.

 
 In a 2013 filing, the guardians listed the following expenditures made on behalf of the child in 2012: $6000 for a bar mitzvah, $936 for religious school, $2095 for summer camp, and $833 for a laptop computer.

 
 The guardians’ annual reports indicated that, over the years, the guardians provided the following experiences for the child:

 
 a summer vacation to Japan;
 
 soccer lessons, tennis lessons, and boxing lessons;
 
 vacations to a summer home on Bainbridge Island, Washington, including sailing lessons;
 
 camping, skiing, backpacking, and overnight camp with the Boy Scouts; and
 
 trips to Las Vegas, Los Angeles, Oregon, and Washington D.C.

 
 The parents and the guardians have litigated extensively concerning the child since at least 2007.

 ¶31       Such extensive information will not be available in every case, and we do not mean to suggest that without such extensive information there would have been an abuse of the court’s discretion. But here, this information provides objective support for the court’s decision.

 ¶32       As discussed above, the parents argue that the guardians’ entries of zero every year for the beginning and ending balances of the child’s bank accounts indicate that the guardians are not keeping the child’s money separate from their own. However, the guardians have explained that their annual expenditures for the child have consistently exceeded the income received for the child’s use. Under the circumstances of this case, the court could reasonably have found this explanation to be sufficient, without requiring an accounting.

 ¶33       We conclude that the trial court did not abuse its discretion by denying the parents’ motion for an accounting.

 V. Conclusion

 ¶34       The guardians’ motion to dismiss is denied and the trial court’s order is affirmed.

 JUDGE NAVARRO and JUDGE FREYRE concur.

These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 

Colorado Court of Appeals Opinions || March 24, 2016

Back