25CA0095 Swiecicki v Mielke 02-12-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0095
Summit County District Court No. 21CV30149
Honorable Reed W. Owens, Judge

Wiliam Swiecicki,

Plaintiff-Appellee,

v.

Gretchen Mielke,

Defendant-Appellant.

APPEAL DISMISSED

Division III
Opinion by JUDGE DUNN
Moultrie and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

Montgomery Little & Soran, P.C., Alyson Evett, James Taravella, Greenwood Village, Colorado, for Plaintiff-Appellee

Foster, Graham, Milstein & Calisher, LLP, Chip G. Schoneberger, Denver, Colorado, for Defendant-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Gretchen Mielke, appeals the district court's order denying her postjudgment request to purchase property. Because we conclude that we lack jurisdiction, we dismiss the appeal.

## I.     Background

¶ 2     In 2016, Mielke and her partner, plaintiff, Wiliam Swiecicki, bought property in Breckenridge, Colorado, on which they planned to build a custom home. A few years later, the couple ended their relationship, and a dispute arose over the property. At the time, Swiecicki was living on the property; Mielke was not. Swiecicki filed a complaint seeking, as relevant here, to partition the property.

¶ 3     After a bench trial, the district court issued a written judgment in February 2024 (judgment). The judgment apportioned "50% of the equity in the [p]roperty to each party" and granted Swiecicki, who still resided at the property, thirty-five days to buy Mielke's equitable share of the property. But if Swiecicki couldn't do that, the judgment provided that the property would be "promptly listed and sold at private sale and the proceeds shall be split" equally between the parties. The judgment contained no reciprocal right for Mielke to purchase Swiecicki's equitable share of the property.

¶ 4     Mielke did not appeal the judgment.

¶ 5     Swiecicki was unable to purchase Mielke's equitable share of the property within the required timeframe.  Mielke then moved for an opportunity to purchase Swiecicki's equitable share of the property, or, alternatively, for the appointment of a commissioner to sell the property.

¶ 6     In April 2024, the court expressly denied Mielke's request to purchase Swiecicki's equitable share of the property, finding that her requested relief was not "equitable under the circumstances" (April order).  The court appointed a commissioner to sell the property in a public sale and distribute the proceeds.

¶ 7     Mielke did not appeal the April order.

¶ 8     After the commissioner listed the property for sale, Mielke submitted an offer to purchase it.  Based on the judgment and the April order, the commissioner did not believe that she had "the authority to accept" Mielke's purchase offer and sought "clarity" from the court.

¶ 9     On December 2, the court entered an order stating, "[a]s outlined in the [c]ourt's previous order, the property is to be sold at market to third party at the best and highest possible price that a

2

true market dictates, and the proceeds split accordingly." The court also "confirm[ed] that neither party to this case may purchase the property via sale at market."

¶ 10   Mielke's father then submitted an offer to purchase the property. The commissioner again sought clarification from the court. After a hearing on the matter, the court issued an order on December 4, incorporating its December 2 order and clarifying that the "market sale" of the property "shall not be made to either party" or to "any other person or entity on their behalf or for their benefit." And the order specified that the "sale must be to a bona fide third party purchaser who is not connected to these proceedings."

¶ 11   Mielke appealed the December 2 and December 4 orders. Swiecicki filed a motion to dismiss the appeal as untimely, arguing that the December postjudgment orders were not final, appealable orders. A motions division of this court agreed as to the December 4 order and dismissed the appeal of that order with prejudice. It deferred the motion to dismiss the December 2 order to this division.

## II. Appellate Jurisdiction

¶ 12    We now consider whether the December 2 order is a final, appealable order. Swiecicki argues that it is not and, therefore, this court lacks jurisdiction. Mielke disagrees.

¶ 13    Our jurisdiction is generally limited to final judgments. C.A.R. 1(a). Typically, a judgment is final if it disposes of the entire litigation on the merits, leaving nothing for the court to do but execute on the judgment. *Mulberry Frontage Metro. Dist. v. Sunstate Equip. Co.*, 2023 COA 66, ¶ 14. In postjudgment proceedings, however, "the final judgment rule has distinct contours." *AA Wholesale Storage, LLC v. Swinyard*, 2021 COA 46, ¶ 10. In that context, the underlying action has already concluded with the entry of a final judgment, even as some part of the action remains "live." *Id.* at ¶ 12 (quoting *Luster v. Brinkman*, 250 P.3d 664, 667 (Colo. App. 2010)).

¶ 14    To determine whether a postjudgment order is final, we consider whether the order (1) ends "the particular part of the action in which it is entered," leaving "nothing further for the court pronouncing it to do in order to completely determine the rights of the parties as to that part of the proceeding"; and (2) is "more than

4

a ministerial or administrative determination," such that it "affect[s] rights or create[s] liabilities not previously resolved by the adjudication of the merits." *Id.* at ¶¶ 13-16 (citations omitted).

¶ 15     We review jurisdictional questions de novo. *Id.* at ¶ 7. Without a final judgment, we must dismiss the appeal. *State ex rel. Suthers v. CB Servs. Corp.*, 252 P.3d 7, 10 (Colo. App. 2010).

¶ 16     The judgment completely determined the parties' rights with respect to the partitioned property. It provided a limited and nonreciprocal right for Swiecicki — who lived on the property — to purchase Mielke's equitable share of the property. *See Martinez v. Martinez*, 638 P.2d 834, 836 (Colo. App. 1981) (allowing the occupying party the opportunity to retain the subject property to "reach an equitable result"). And it provided that if Swiecicki was unable to do that, the property would be sold and the proceeds divided equally. Mielke could have appealed the judgment, but she didn't.

¶ 17     But even assuming some confusion existed about Mielke's right to purchase Swiecicki's equitable share of the property, the court plainly and expressly resolved that confusion in the April order when it denied Mielke's motion for an opportunity to purchase

Swiecicki's equitable share of the property, concluding that Mielke's request was "not equitable under the circumstances." Had Mielke disagreed with the court's clarification or objected that the order affected her statutory partition rights, she could have appealed that order, but, again, she didn't.

¶ 18 Applying the postjudgment finality test, even if we assume the judgment left open some question as to whether Mielke could purchase Swiecicki's equitable share of the property — and that is a generous assumption — the April order fully resolved that issue and held that Mielke could not purchase Swiecicki's equitable share of the property. The April order left "nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Swinyard*, ¶ 9 (quoting *CB Servs. Corp.*, 252 P.3d at 10). The December 2 order did nothing more than reiterate the court's "previous" order that Mielke could not purchase Swiecicki's equitable share of the property. Thus, the December 2 order didn't "affect[] rights or create[] liabilities not previously resolved" in the April order. *Id.* at ¶ 16 (quoting *Luster*, 250 P.3d at 667).

¶ 19    We are unpersuaded otherwise by Mielke's claim that the December 2 order "affected" her partition right to a public sale. The judgment plainly stated that if Swiecicki could not purchase Mielke's equitable share of the property, the property would be "promptly listed and sold at private sale and the proceeds [would] be split by the Parties equally 50/50." And the April order appointed a commissioner to "allow for public sale and distribution of the proceeds." But neither the judgment nor the April order granted Mielke the right to purchase Swiecicki's equitable share of the property, and, indeed, the April order expressly denied Mielke that right. The December 2 order changed nothing; it was simply ministerial. *See Swinyard*, ¶ 22. That is, it neither changed Mielke's statutory partition rights nor created liabilities not previously resolved in the judgment and April order. *See id.* at ¶¶ 13, 16. Thus, if Mielke believed that her statutory partition rights had been violated, or that policy considerations "compel[] permitting a joint owner like Mielke to purchase the partitioned property" at a public sale, her remedy was to timely appeal the judgment or the April order.

7

¶ 20    Because the December 2 order isn't a final, appealable order, we must dismiss the appeal for lack of jurisdiction.

## III.   Attorney Fees and Sanctions

¶ 21    Swiecicki asks us to award appellate attorney fees under section 13-17-102, C.R.S. 2025, and C.A.R. 39.1, and to impose sanctions under C.R.C.P. 11.  He generally maintains that the appeal lacks substantial justification and that it "appears to have been in bad faith."

¶ 22    We cannot conclude, however, that the appeal — though untimely  — is so lacking in substantial justification as to warrant an attorney fee award under section 13-17-102 or Rule 39.1.  *See W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984) (noting that a claim is not considered frivolous merely because it ultimately proves unsuccessful).  Nor can we conclude from this record that the appeal was filed for an improper purpose "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," C.R.C.P. 11(a), or that Mielke's counsel did not meet "the reasonable inquiry and proper purpose threshold in preparing and filing the pleading," *People v. Trupp*, 51 P.3d 985, 991 (Colo. 2002).

¶ 23    We therefore decline Swiecicki's request to award appellate attorney fees and impose sanctions.  Swiecicki is entitled, however, to his costs.  *See* C.A.R. 39.

IV.   Disposition

¶ 24    The appeal is dismissed.

JUDGE MOULTRIE and JUDGE BERNARD concur.